IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY W. HAVELOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-734-GMS |
| | ) |
| RUTH ANN MINER, DEPARTMENT OF | ) |
| CORRECTION, RAPHAEL WILLIAMS, | ) |
| CARL C. DANBERG, LAWRENCE | ) |
| SULLIVAN, CATHERIN PAYNE,  and | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Jeffrey W. Havelow ("Havelow"), a former inmate at the Howard R. Young

Correctional Center ("HRYCI"), Wilmington,  Delaware, filed this lawsuit pursuant to 42 U.S.C.

§ 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915. (D.I. 5, 9.) The court now proceeds to review and screen the

complaint pursuant to 28 U.S.C. § 1915.

**I. BACKGROUND**

Havelow alleges that he was held for sixty days after the expiration of his sentence. He

wrote to the defendant Warden Raphael Williams ("Warden Williams") regarding his status.

Additionally, he alleges that the defendant Catherin Payne ("Payne"), who works for the Records

Department, violated his rights. It was reported on October 30,2007, that Payne was

investigating the matter, but as of the date the Complaint was filed, November 16, 2007,

Havelow remained incarcerated. Havelow asks for damages of $7,000 per day.

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations

omitted). The plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Havelow proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III.  DISCUSSION

### A.  Eleventh Amendment Immunity

Havelow names as defendants the State of Delaware and the Delaware Department of Correction. His claims for monetary damages against these two defendants are absolutely barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State has not waived its immunity from suit in federal court, and although Congress can abrogate a state's sovereign

immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *Brooks-McCollum v.*
*Delaware*, 213 Fed. Appx. 92, 94 (3d Cir. 2007) (citations omitted). Moreover, as an agency of
the State of Delaware, the Department of Corrections is entitled to immunity under the Eleventh
Amendment. *See e.g. Evans v. Ford*, C.A. No. 03-868-KAJ, 2004 WL 2009362, *4 (D. Del.
Aug. 25, 2004) (dismissing claim against DOC, because DOC is state agency and DOC did not
waive Eleventh Amendment immunity). Accordingly, the court will dismiss the claims against
the State of Delaware and the Delaware Department of Correction pursuant to 28 U.S.C. §
1915(e)(2)(B).

### B. Respondeat Superior

Named as defendants are Governor Ruth Ann Miner and Carl C. Danberg. The
complaint, however, contains no allegations against them. A plaintiff may set forth a claim for
supervisory liability under § 1983 if he "(1) identif[ies] the specific supervisory practice or
procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and
practice without the identified, absent custom or procedure created an unreasonable risk of the
ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the
supervisor was indifferent to the risk; and (5) the underling's violation resulted from the
supervisor's failure to employ that supervisory practice or procedure." *Brown v. Muhlenberg
Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir.
1989)). In order for a supervisory public official to be held liable for a subordinate's
constitutional tort, the official must either be the "moving force [behind] the constitutional
violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v.
Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389

-4-

(1989)).

It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." *Id.* He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. *Id.*

It appears that Havelow seeks to hold Governor Minner and Danberg liable on the basis of their supervisory positions There is nothing in the complaint to indicate that either Governor Minner or Danberg were the "driving force [behind]" Havelow's alleged wrongful incarceration. More so, the complaint does not indicate that these defendants were aware of Havelow's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Accordingly, the claims against Governor Minner and Danberg are dismissed inasmuch as they have no arguable basis in law or in fact pursuant to 28 U.S.C. § 1915(e)(2)(B).

**C. State Actor**

Lawrence Sullivan, the public defender for the State of Delaware is also named as a defendant. The complaint contains no allegations against ("Sullivan"). When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981). Accordingly, the court will dismiss the claims against the Sullivan pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss the claims against the

defendants Governor Ruth Ann Miner, Department of Correction, Carl C. Danberg, Lawrence

Sullivan, and  the State of Delaware pursuant to 28 U.S.C. § 1915(e)(2)(B).  Havelow will be

allowed to proceed against the defendants Raphael Williams and Catherin Payne.  See *Sample v.*

*Diecks*, 885 F.2d 1099 (3d Cir. 1989) (prisoner has the right to be released from his sentence, and

detention beyond the termination of the sentence may be in violation of the Eighth Amendment.)

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____, 2008
Wilmington, Delaware

FILED

MAY 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY W. HAVELOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 07-734-GMS |
| | ) |
| RUTH ANN MINER, DEPARTMENT OF | ) |
| CORRECTION, RAPHAEL WILLIAMS, | ) |
| CARL C. DANBERG, LAWRENCE | ) |
| SULLIVAN, CATHERIN PAYNE,  and | ) |
| STATE OF DELAWARE, | ) |
| | ) |

**ORDER**

At Wilmington this 16th day of ___May___, 2008, for the reasons set forth in the

Memorandum issued this date,

1. The  claims against the defendants, Governor Ruth Ann Miner, Department of

Correction, Carl C. Danberg, Lawrence Sullivan, and the State of Delaware are **dismissed** as

frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2)(B), and they are dismissed from this action.

2. The court has identified what appear to be cognizable claims within the meaning of 28

U.S.C. § 1915 against the defendants Raphael Williams and Catherin Payne.  Havelow is allowed

to **proceed** against these defendants.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to

the clerk of the court an **original** "U.S. Marshal-285" form for **remaining defendants Raphael**

**Williams and Catherin Payne,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). The plaintiff has provided the court with copies of the complaint (D.I. 2) for service upon the remaining defendants. **The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a

motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. § 1915(e)(2). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

CHIEF UNITED STATES DISTRICT JUDGE

FILED

MAY 1 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

-3-